In the Matter of LEWIS S. MARKS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 5, 1980

400

### APPEARANCES OF COUNSEL

*Bruce H. Wiener* of counsel *(Nicholas C. Cooper,* attorney), for petitioner.

*Clement Segal* of counsel *(Segal, Liling & Erlitz,* attorneys), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice as an attorney and counselor at law on June 25, 1952 in the Appellate Division of the Supreme Court, Second Judicial Department. At all times relevant to the instant proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

From about March, 1975 to about June, 1976, respondent appropriated and converted to his own use $31,345.46 from a client-decedent's estate without permission or authority to do so, forging the administratrix' signature to a number of checks. There were apparently eight transactions and misappropriations over a period of time.

On June 23, 1977, respondent was convicted in the Criminal Court of the City of New York, County of New York, on charges of petit larceny, a class A misdemeanor, in violation of section 155.25 of the Penal Law on his plea of guilty. Respondent received a sentence of conditional discharge requiring him to agree to make complete restitution of the stolen moneys within three years.

Respondent has apparently made restitution to the extent of about $16,000 or about half of his defalcations.

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, after a hearing by a hearing panel,

found respondent attorney guilty of professional misconduct under subdivision 2 of section 90 of the Judiciary Law and the Code of Professional Responsibility (DR 1-102 [A] [3]; DR 1-102 [A] [4]) and guilty of a serious crime under the Rules of the Appellate Division, First Department (22 NYCRR 603.12 [b]).

The Departmental Disciplinary Committee brings this petition asking that the hearing panel's report be confirmed and that respondent be disciplined.

Respondent admits all findings of the hearing panel except that respondent says his mental and physical condition was such that he neither knew nor could have known that he was committing the acts referred to nor the significance of the acts.

Although respondent is collaterally estopped from relitigating this or any other element of his crime (Matter of Levy, 37 NY2d 279; Rules of Appellate Division, 1st Dept, § 603.12 [c]), he contends that his mental state, resulting from severe heart ailments and related illnesses, was one of virtual unawareness of the significance of his acts and that this is a mitigating circumstance which warrants a lenient sanction.

Petitioner's hearing panel—perhaps in consideration of this circumstance—concluded that it did not wish to make an affirmative recommendation as to the quantum of sanction to be imposed by this court.

There is no doubt that respondent did suffer from severe, life threatening and preoccupying illnesses. But although obviously causing great emotional trauma, none of them was a type to affect his mental capacity or responsibility. They obviously cannot serve as an excuse for theft by an attorney from a client and forging of a client's signature.

Presumptively, an attorney who misappropriates a client's funds cannot be permitted to remain a member of the Bar. This result is called for by the obvious reflection on the attorney's integrity, and more importantly, by the duty to protect the public and to vindicate the public's trust in lawyers as custodians of clients' funds. (Matter of Wilson, — NJ —, NJLJ, Jan. 17, 1980, p 1.)

The circumstances of this case do not require a different result.

The report of the hearing panel of the Departmental Disciplinary Committee is confirmed.

Respondent is disbarred and the clerk is directed to strike

respondent's name from the roll of attorneys and counselors at law.

KUPFERMAN, J. P., FEIN, SULLIVAN, BLOOM and SILVERMAN, JJ., concur.

Respondent disbarred from practice as an attorney and counselor at law in the State of New York, effective as of March 5, 1980.