In the Matter of LEON WOLF, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 10, 1980

**APPEARANCES OF COUNSEL**

*Nicholas C. Cooper* for petitioner.

*Leon Wolf,* respondent *pro se.*

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to practice in the Second Department on June 28, 1932 and maintained an office for the practice of law within the First Judicial Department.

In May of 1977, the respondent represented a client in the sale of his luncheonette. At the closing, respondent received $10,000 on behalf of his client and was to hold in escrow $1,500 for settlement of the New York State tax. He held the entire $10,000, and there was no indication of whether or not this amount was held in an escrow account.

In May of 1978, the client was informed that the sales tax release had been obtained, and he then requested the money respondent held. Respondent was then in Florida. His client met with repeated evasions from respondent.

The client then complained to the Grievance Committee, which referred the matter to Florida. As respondent was not practicing in Florida, there was no basis for action there.

Thereafter, the client referred the matter to the District Attorney's office. Finally, respondent had a check sent to his client for the $10,000; this check was not drawn from an escrow account.

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, after a hearing by a hearing panel, found respondent attorney guilty of professional misconduct within the meaning of 22 NYCRR 603.2 in that he violated the Code of Professional Responsibility, DR 1-102(A) (4), DR 7-101(A) (3) and DR 9-102(B) (3) and (4).

The Departmental Disciplinary Committee brings this petition pursuant to 22 NYCRR 603.4(d) and section 90 of the Judiciary Law, seeking an order that the hearing panel's report be confirmed, and that respondent be disbarred from the practice of law.

Respondent denies the findings of the hearing panel, annexes the check showing the return of the funds to the client, and contends that he has been seriously ill for the last six years and in and out of hospitals.

Although respondent may be suffering from illness, it was not of a type to affect his mental capacity or responsibility. It cannot serve as an excuse for conversion of a client's funds.

The report of the hearing panel of the Departmental Disciplinary Committee is confirmed.

Respondent is disbarred, and the clerk is directed to strike respondent's name from the roll of attorneys and counselors at law.

MURPHY, P. J., KUPFERMAN, BIRNS, FEIN and MARKEWICH, JJ., concur.

Opinion and recommendation of the Departmental Disciplinary Committee confirmed and respondent disbarred from practice as an attorney and counselor at law in the State of New York, effective May 12, 1980.