In the Matter of RAYMOND STULTS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 13, 1980

### APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Nicholas C. Cooper* attorney), for petitioner.

*Michael C. Devine* for respondent.

## OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice on April 1, 1968 in the First Department and maintained an office within this department. Upon the conclusion of a hearing on charges of professional misconduct, conduct prejudicial to the administration of justice and dereliction of duty as an attorney and counselor at law, respondent was found to have violated the Code of Professional Responsibility, including DR 1-102 (A) (4), DR 7-101 (A) (3), and DR 9-102 (B) (4), in that he converted to his own use a client's funds entrusted to him, failed to account to his client and issued a check when he knew there were insufficient funds to cover this check.

Respondent, an attorney of counsel to an international law firm, deposited 10,232.06 pounds sterling in his own personal checking account when in fact this sum was to be placed in the firm's escrow account. Respondent's assertion that this money was merely a loan from the client is belied by the record. Two communications written by respondent to the client on the law firm's letterhead clearly indicate payment to the law firm for professional services. Respondent, when called to account for this sum, failed to do so. His subsequently drawn personal check for repayment was returned for lack of sufficient funds.

The hearing panel determined that respondent should be reprimanded, and the matter referred to this court with the recommendation that respondent be suspended from the practice of law, and such other and further action as this court may deem just and proper.

We decline to follow the disciplinary committee's recommendation and now impose the more severe sanction of disbarment. Respondent's actions demonstrate a callous and indifferent attitude in protecting the rights of a client. His diversion of escrow funds to his personal use cannot be countenanced. The more probable explanation for respondent's behavior lies not in his assertion that this money was the equivalent of a loan, but rather that it was an expedient means to extricate himself from admitted financial difficulties. Although a portion of this money has been repaid, this subsequent penitent act is insufficient to remove the taint of respondent's prior calculated actions. As this court said in *Matter of Marks* (72 AD2d 399, 401): "Presumptively, an attorney who misappropriates a client's funds cannot be permitted to remain a member of the Bar."

Additionally, respondent's cross motion for a *de novo* evidentiary hearing is denied. Respondent fully participated in and was represented by counsel throughout the prior hearing. To unnecessarily prolong this process, as respondent would have us do, where no useful purpose would be served thereby is unjust.

Accordingly, petitioner's motion should be granted only insofar as it seeks to confirm that portion which seeks to confirm the findings of fact and conclusion of law and findings of guilt, and the petition insofar as it seeks suspension should be denied, respondent should be disbarred and his name should be stricken from the roll of attorneys and counselors at law. Respondent's cross motion for a *de novo* hearing should be denied.

KUPFERMAN, J. P., FEIN, SULLIVAN, ROSS and SILVERMAN, JJ., concur.

Petition granted only to the extent of confirming the findings of fact and conclusion of law of hearing panel, respondent's name stricken from the roll of attorneys and counselors at law in the State of New York and cross motion for a *de novo* hearing denied.