In the Matter of IRVING EZRA FIELD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 26, 1981

### APPEARANCES OF COUNSEL

*Irene B. Klein* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*George Damashek* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice October 22, 1941 in the Second Judicial Department and maintained an office for the practice of law within the First Judicial Department. Upon the conclusion of a hearing on 15 charges of professional misconduct, conduct prejudicial to the administration of justice, and dereliction of duty as an attorney and counselor at law, respondent was found to have violated

the Code of Professional Responsibility including DR 9-102(A) and (B), DR 6-101(A)(3) and DR 1-102(A)(4) and part 603 of the Rules of the Appellate Division, First Department.

Respondent engaged in conduct involving fraud, deceit and misrepresentation in that he converted to his own use six clients' funds which were entrusted to him, failed to account to five of his clients, issued checks which were returned for insufficient funds, commingled clients' funds with his own, neglected legal matters entrusted to him, failed to return unearned fees to seven of his clients, and attempted to conceal his neglect by making misrepresentations to clients for the purpose of concealing such neglect.

Respondent contends that his hearing was unfair. We find that the record clearly indicates otherwise. Respondent was given ample opportunity to present his defense. He had notice of his right to counsel for a substantial period of time, and he chose not to make the necessary arrangements. He appeared at the hearings and participated. Respondent's testimony was taken, documents were admitted into evidence, and testimony by his witnesses was taken.

The hearing panel, which consisted of seven members, unanimously sustained 15 charges of professional misconduct by the respondent and referred the matter to this court with the unanimous recommendation that respondent be disbarred.

We accept the Disciplinary Committee's recommendation and impose the sanction of disbarment. Respondent's actions demonstrate a callous indifference in protecting the rights of a client. His repeated violations of the Code of Professional Responsibility cannot be tolerated. Respondent's intention of making reparations is insufficient to remove the taint of his prior calculated actions. *(Matter of Stults,* 77 AD2d 254.) As this court stated in the *Matter of Marks* (72 AD2d 399, 401), "Presumptively, an attorney who misappropriates a client's funds cannot be permitted to remain a member of the Bar."

Further, respondent's misconduct was not an isolated instance but rather a course of conduct and directed against

clients whom the record indicates were those "who were least likely to be suspicious or to be in a position to guard their own interest" because of respondent's long-term acquaintance with them.

Accordingly, petitioner's motion should be granted. Respondent should be disbarred and his name should be stricken from the roll of attorneys and counselors at law.

MURPHY, P. J., KUPFERMAN, SANDLER, ROSS and SILVERMAN, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.