8

In the Matter of ARTHUR G. NADEL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 9, 1982

APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.
*Beldock Levine & Hoffman* for respondent.

OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice in the First Department on December 12, 1958. In or about July of 1978, he represented CCN Realty Corporation (CCN) in the sale of its property to the Swedish Hospital (Hospital). Mr. Richard Sanchez was the president of CCN. During this period, he was indebted to "loansharks" in an undisclosed amount of money.

On or about July 27, 1978, CCN and the Hospital entered into a sales contract. The respondent, as escrowee, received $50,000 from the Hospital on August 21, 1978. On that same date, he deposited the entire $50,000 in an escrow account that had been opened with Citibank. By October 5, 1978, he had withdrawn all but $152.24 from the escrow account. Respondent maintained that the money was paid in response to and in connection with loanshark transactions and related events and circumstances with his client Sanchez. Respondent further stated that he shared in the problems and concerns of Sanchez.

On May 5, 1980, the Hospital made a written request for the return of its $50,000 when a closing was not effected with CCN. The respondent was then unable to return the escrow amount. However, full restitution of $56,041.65 was made by the respondent on January 23, 1981.

The hearing panel found the respondent guilty of dishonesty, fraud, deceit and misrepresentation in violation of DR 1-102(A) (4) of the Code of Professional Responsibility in that he improperly withdrew and applied funds held by him pursuant to an escrow agreement. The panel recommended a five-year suspension. The respondent does not challenge the panel's finding of guilty but he asks that the penalty be less than a five-year suspension.

Under *Matter of Marks* (72 AD2d 399) and its progeny (*Matter of Wolf,* 73 AD2d 419; *Matter of Stults,* 77 AD2d 254; *Matter of Field,* 79 AD2d 198), this court has consistently imposed the penalty of disbarment for misappropriations of this sort. There are no extenuating circumstances presented in this case that would prompt this court to depart from the precedent set in *Marks.* It is not totally clear from this record whether the respondent was directly involved with the "loansharks". Nonetheless, it may be fairly stated that the respondent acted with a misplaced allegiance to his client, Sanchez, and in dereliction of his duty to the Hospital in removing the moneys from the escrow account and paying them to the "loansharks". Since the respondent's action evinced professional misconduct of a most serious nature under subdivision 2 of section 90 of the Judiciary Law, he should be disbarred.

Accordingly, the committee's motion should be granted to the extent of confirming its finding of guilt, the branch thereof recommending a five-year suspension should be denied, respondent should be disbarred and his name should be stricken from the roll of attorneys and counselors at law.

MURPHY, P. J., CARRO, MARKEWICH, SILVERMAN, and BLOOM, JJ., concur.

Petition granted to the extent of confirming petitioner's finding of guilty, and the branch thereof recommending a five-year suspension denied, and respondent disbarred and

his name stricken from the roll of attorneys and counselors at law in the State of New York, effective March 11, 1982.