In the Matter of STEPHEN A. MILLER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 11, 1982

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Petitioner Departmental Disciplinary Committee moves to confirm a hearing panel majority decision recommending a one-year suspension from the practice of law or, in the alternative, to confirm said hearing panel majority decision directing that respondent Stephen A. Miller be disbarred from the practice of law.

Respondent was admitted to practice as an attorney in June of 1968 by the Appellate Division of the Supreme Court, Second Judicial Department. Until 1978, and at all times relevant to the instant proceeding, he maintained an office for the practice of law within the First Judicial Department.

On November 8, 1979, respondent submitted an answer admitting the allegations contained in the charges brought against him by the Departmental Disciplinary Committee for the First Judicial Department. In these charges, he was accused of having knowingly converted to his own use a

sum of $8,000 which had been entrusted to him in or about 1973 for the purpose of establishing a trust fund for his client's grandchildren. In 1976, he was retained to amend the trust fund, which he did, but he thereafter failed and refused to render an accounting. When respondent received, in August of 1977, a letter, along with an executed change of attorney, requesting the file, he did not respond, and he also ignored subsequent letters to the same effect. Although he made telephone representations that the file would be forwarded, it was not forthcoming. On or about April 19, 1978, respondent was served with a summons and verified complaint, dated April 7, 1978 and filed in the Supreme Court, Richmond County, demanding return of the funds in question along with interest and damages. Partial restitution in the amount of $7,290.88 was made between May 19, 1978 and August 29, 1978.

Respondent was also charged with having failed to return unearned fees in that he did not set up the forementioned trust fund nor invest the principal sum in his capacity as trustee. In addition, it was alleged that he did not co-operate with the Committee on Grievances and made knowing misrepresentations of fact.

Based upon his admissions, respondent was found guilty of professional misconduct in violation of sections DR 1-102 (A) (4) and (5), DR 9-102 (A) and (B) (4), DR 6-101 (A) (3) of the Code of Professional Responsibility and section 603.4 of the Rules of the Supreme Court, Appellate Division, First Judicial Department (22 NYCRR 603.4). Respondent, at the hearing held by the Committee on Grievances on November 8, 1979, stated that while he did not wish to defend the charges against him and was fully aware that there was no excuse for his actions, offered in mitigation the fact that he had suffered from a serious gambling problem at the time the events complained of occurred. He further testified that he did not then have control of himself, his family was being threatened, and he was attempting to pay back people and institutions and maintain intact his family unit.

Since *Matter of Marks* (72 AD2d 399) this court has consistently held that disbarment is the appropriate penalty for conversion. (See, also, *Matter of Field,* 79 AD2d

198; *Matter of Stults,* 77 AD2d 254; *Matter of Wolf,* 73 AD2d 419.) Respondent's gambling problem is not significantly distinguishable from the "severe, life threatening and preoccupying illnesses" which was found insufficient to prevent disbarment in *Marks* (*supra,* p 401). Although respondent purportedly overcame his addiction to gambling in 1975, he has continued to demonstrate a lack of professional responsibility. In fact, most of the acts cited in the charges took place after 1975, and he did not begin to repay his former client until suit was instituted nor did he make final restitution until March 6, 1980, the date on which the hearing panel was to render its recommendation.

Respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation and, consequently, the Departmental Disciplinary Committee's motion to confirm the findings of fact and conclusions of law is granted to the extent of confirming respondent's guilt and ordering that respondent be disbarred and his name stricken from the roll of attorneys and counselors at law.

SANDLER, J. P., CARRO, LUPIANO, BLOOM and MILONAS, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.