In the Matter of FREDERIC B. SOLOMON, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 3, 1982

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*John G. Bonomi, P. C.,* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The Departmental Disciplinary Committee moves to confirm the findings of fact and conclusions of law of the hearing panel and its recommendation that respondent Solomon be censured. At the hearing, the respondent admitted the facts upon which the charge was predicated but he testified in mitigation of the charge. Thus the facts, as found by the hearing panel, are not disputed.

Respondent Solomon was admitted to practice as an attorney and counselor at law in the Second Judicial Department on October 13, 1976. In or about April, 1980, respondent represented Mr. and Mrs. Altman in the sale of their house. The buyers, Mr. and Mrs. Carpentieri, gave an $8,000 down payment which respondent placed in an escrow account. During the ensuing weeks, he withdrew $5,000 from the escrow account so that Mr. Altman could pay loansharks. Subsequently, the respondent withdrew

an additional $1,000 from the account so that the Altmans could place a deposit on an apartment. Finally, the respondent withdrew $2,000 from the account as part payment of deferred fees owed to him by the Altmans. The total of $8,000 was withdrawn from the checking account without the authorization of the Carpentieris but with the approval of the Altmans. The closing took place without incident on June 18, 1980. At that time the escrow account only contained $1,414.80. After the closing, the respondent submitted an accounting to the Altmans in which he requested an additional $300 in fees. The Altmans initially filed a complaint with the committee because of alleged errors in the accounting. Eventually the Altmans paid the respondent the additional $300.

The hearing panel has found the respondent guilty of violating DR 1-102 (A) (4) of the Code of Professional Responsibility in that he wrongfully converted funds held by him pursuant to an escrow agreement. However, the committee suggests that the respondent be censured.

This court has consistently imposed the penalty of disbarment where an attorney has converted the escrow funds of his client or a third party (*Matter of Marks,* 72 AD2d 399; *Matter of Wolf,* 73 AD2d 419; *Matter of Stults,* 77 AD2d 254, mot for lv to app den 53 NY2d 606; *Matter of Field,* 79 AD2d 198; *Matter of Nadel,* 85 AD2d 8).

The respondent requests that he merely be censured because the closing was effected on schedule without any harm to the buyers or the sellers. Despite this fact, the respondent's action in withdrawing the moneys from the escrow without authorization evinces professional misconduct of a serious nature under subdivision 2 of section 90 of the Judiciary Law. While we do not believe that disbarment is a proper penalty in the circumstances of this case, we do believe that the respondent should be suspended for two years effective July 2, 1982.

Accordingly, the committee's motion should be granted to the extent of confirming the finding of guilt, the branch thereof recommending censure should be denied, and respondent should be suspended for two years effective July 2, 1982.

MURPHY, P. J., ROSS, LUPIANO, FEIN and ASCH, JJ., concur.

Petition granted only to the extent of confirming petitioner's finding of guilt, and the branch thereof recommending censure denied, and respondent suspended for a period of two years effective July 2, 1982, as indicated in the order of this court.