In the Matter of A. JAMES HAMPARES, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 16, 1982

### APPEARANCES OF COUNSEL

*Theresa C. Villani* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Philip C. Potter, Jr.,* of counsel (*Denny Chin* with him on the brief; *Davis Polk & Wardwell,* attorneys), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, moves for an order pursuant to 22 NYCRR 603.4 (d), confirming the hearing panel's findings of fact and conclusions of law, and its recommendations dated July 8, 1982, that respondent, A. James Hampares, be disciplined, to wit, disbarred.

Respondent, A. James Hampares, cross-moves for an order pursuant to CPLR 404 (subd [a]) dismissing the petition of the committee as a matter of law on the ground that the escrow agreement subject to discipline was a legal nullity and a contract that was void and unenforceable.

Respondent was admitted to practice in the Supreme Court, First Judicial Department, on March 23, 1959.

Disciplinary proceedings were brought against respondent alleging illegal and unethical professional misconduct as an attorney, in violation of section 90 of the Judiciary Law of the State of New York, and various disciplinary rules of the Code of Professional Responsibility. Specifically, the charges, dated January 26, 1982, charged respondent with conversion, dishonesty, fraud, deceit and misrepresentation and with engaging in conduct adversely reflecting on his fitness to practice law.

The charges concerned the fact that on or about November 7, 1979, respondent entered into a contract for the sale of an apartment building owned by the respondent, for $360,000. The contract of sale contained an escrow provision which designated Lounsbury & Hampares, P. C., as escrow agents with respect to a $36,000 down payment which was to be held in escrow by Lounsbury & Hampares, P. C., in an interest-bearing account. Respondent on said date, November 7, 1979 received checks from the purchaser constituting the required down payment and deposited those checks into a non-interest-bearing account in the name of Lounsbury & Hampares, P. C. The account was the firm's regular business account and all checks drawn on the account were signed by respondent. On or about November 16, 1979, the balance of said account fell below $36,000 and remained below that amount continually until June 1981. In fact, by the end of December 1979, the balance of said account was approximately $267.

The conversion of the said escrow funds remained undiscovered until negotiations between the parties fell apart and the buyer made two written demands upon the respondent for the return of the escrow moneys. Respondent did not comply with the demands, and in the summer of 1980, the buyer began a lawsuit against respondent for the return of the moneys. A default judgment was obtained in favor of the buyer. Respondent's motion to restrain execution of the default judgment was granted on condition that respondent deposit $36,000 in court. Respondent failed to do so. On or about May, 1981, judgment was entered against respondent in favor of the buyer for unliquidated

claims, punitive damages and attorney fees in the amount of $20,000. This amount was in addition to the default judgment previously entered for $36,000 plus interest. It was at this time that the buyer's attorneys' suspicions about the conversion of the escrow moneys were confirmed and evidence of the nonexisting escrow fund was presented to the court. Following the entry of the two judgments the respondent entered into a settlement with the buyer upon the sale of respondent's building for $525,000 to another purchaser.

The charges and testimony thereon were heard before a hearing panel on March 11, 1982 and April 8, 1982, during which time respondent appeared represented by counsel. Respondent testified that he was completely unaware of the escrow provisions at the time the contract of sale was executed. The panel sustained the charges on April 8, 1982, finding that the respondent received the full amount of the funds which were to be held in escrow and failed to maintain them in an escrow account as provided therefor, and appropriated them to his own use.

The hearing panel found the respondent guilty of dishonesty, fraud, deceit and misrepresentation in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility and of engaging in conduct that adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (6) in that he appropriated escrow funds for his own use. The panel recommended disbarment.

Under *Matter of Nadel* (85 AD2d 8), *Matter of Marks* (72 AD2d 399) and *Matter of Stultz* (77 AD2d 254) this court has consistently imposed the penalty of disbarment for misappropriation of this kind. Respondent was aware at the time the contract of sale was executed that it contained an escrow provision under which respondent undertook certain obligations with respect to the initial payment under the contract of sale. Respondent received the full amount of the funds which were to be held in escrow, failed to maintain them in an escrow account pursuant to the escrow provisions in the contract and appropriated the moneys to his own use. The panel found that even if respondent's testimony that he was unaware of the escrow provisions at the time the contract of sale was executed

were to be believed, respondent became aware of the existence of those provisions upon receipt of letters from the purchaser's attorney demanding return of the escrow, and at that time respondent had an obligation he failed to fulfill, to wit, depositing the initial payment of $36,000 in escrow, in an interest-bearing account, pending resolution of the dispute with the purchaser.

Respondent's actions have demonstrated professional misconduct of a most serious nature and under subdivision 2 of section 90 of the Judiciary Law, he should be disbarred.

Accordingly, the petition by Departmental Disciplinary Committee to confirm the findings of fact and conclusions of law should be granted, respondent's cross motion to dismiss the petition denied, and respondent should be disbarred and his name stricken from the roll of attorneys and counselors at law.

KUPFERMAN, J. P., SULLIVAN, ROSS, CARRO and ASCH, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.