In the Matter of IRA A. DEUTSCH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 15, 1983

#### APPEARANCES OF COUNSEL

*Howard Benjamin* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Edward M. Shaw* of counsel (*Stillman, Friedman & Shaw, P. C.,* attorneys), for respondent.

#### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice as an attorney in June of 1954 by the Appellate Division of the Supreme Court, First Judicial Department. At all times relevant to the instant proceeding, he maintained an office for the practice of law in the First Judicial Department.

On January 18, 1982, respondent was convicted pursuant to a plea of guilty of having violated section 1343 of title 18 of the United States Code, the crime of unlawfully, willfully and knowingly devising a scheme to obtain moneys through interstate telephone wires. Specifically, respondent admitted that, acting as an attorney for Levon

Gugasian, and after falsely proposing to his client that he would pay a $30,000 bribe on Gugasian's behalf to a highly placed official of the Internal Revenue Service, he received a total of $40,000 from Gugasian on the false statement that he would keep $10,000 for himself and use the remainder for the purported bribe. In fact, the existence of the Internal Revenue Service official was a fiction created by the respondent, who intended to keep the entire $40,000 for himself. As a result of the conviction, imposition of the sentence was suspended, and respondent was placed on probation for a period of four years and fined $1,000.

Thereafter, petitioner Departmental Disciplinary Committee filed a "serious crime" petition, dated March 29, 1982, pursuant to subdivision 4 of section 90 of the Judiciary Law. On May 6, 1982, this court determined that respondent had been convicted of a "serious crime" within the meaning of section 90 (subd 4, par d) of the Judiciary Law and ordered that he be suspended from the practice of law, effective immediately and referred the matter to a referee for a hearing, report and recommendation. In opposition to petitioner's request that respondent be disbarred, respondent asserts that such a penalty would be excessive. It is his contention that he has, over the course of his 28-year practice as a lawyer, established an outstanding record of integrity and ability and that the wrongful conduct in which he engaged was due to extreme emotional stress brought about by his wife's exorbitant financial demands and other marital tensions. He also urges as a mitigating factor that since Gugasian was not entitled to the money in question but rather was holding up to $65,000 in cash for another individual, there was no attempted misappropriation of a client's funds.

Notwithstanding any financial or other pressures encountered by respondent, his actions demonstrate a clear lack of character and moral fitness to practice law. When confronted with personal problems apparently too overwhelming for him to resolve in a normal manner, he resorted to fraud and attempted conversion. His behavior went beyond endeavoring to steal from a client; his scheme entailed the use of false pretenses to persuade Gugasian into being an accomplice to the bribery of a public official.

The fact that the Internal Revenue agent was strictly an invention does not detract from the reprehensible nature of what the respondent did.

Accordingly, the respondent's misconduct falls within the rationale of *Matter of Marks* (72 AD2d 399) and its progeny (*Matter of Salinger,* 88 AD2d 133; *Matter of Miller,* 86 AD2d 344; *Matter of Crean,* 86 AD2d 107; *Matter of Nadel,* 85 AD2d 8; *Matter of Field,* 79 AD2d 198; *Matter of Stults,* 77 AD2d 254; and *Matter of Wolf,* 73 AD2d 419), which have held that disbarment is the appropriate penalty for conversion. Respondent's reliance upon his wife's unreasonable monetary demands as providing some justification for his criminal acts is no more persuasive than the "severe, life threatening and preoccupying illness" found to be insufficient to prevent disbarment in *Matter of Marks* (*supra,* p 401) or such other mitigating factors previously rejected by this court in *Matter of Nadel* (*supra* [restitution of the converted funds]); *Matter of Miller* (*supra* [addiction to gambling]); and *Matter of Salinger* (*supra* [wife's alleged illness added to a gambling problem]).

Consequently, the motion by the Departmental Disciplinary Committee should be granted, and he should be disbarred and his name stricken from the roll of attorneys and counselors at law.

SANDLER, J. P., CARRO, BLOOM, FEIN and MILONAS, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.