In the Matter of LEON DICKER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 12, 1984

**APPEARANCES OF COUNSEL**

*Claudio B. Bergamasco* of counsel (*Michael A. Gentile*, attorney), for petitioner.

*Arkin & Arkin, P. C.*, for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent Leon Dicker was admitted to practice as an attorney and counselor at law in the State of New York by the Appellate Division of the Supreme Court, Second Judicial Department, in October of 1947. At all times relevant hereto, he has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee moves for an order confirming the findings of fact and conclusions of law of a hearing panel and directing that respondent be disbarred and his name stricken from the roll of attorneys. Pursuant to a notice of charges dated May 20, 1982, respondent was accused of having violated DR 6-101 (A) (3)

of the Code of Professional Responsibility by neglecting certain legal matters entrusted to him, of having engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility, and of being guilty of conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5) of the Code of Professional Responsibility. In that connection, he was served with four charges involving 19 separate alleged acts of misconduct, the following eight of which were ultimately sustained by the hearing panel:

1. Respondent neglected a legal matter entrusted to him by receiving from Barry H. Berger, but failing to remit, three monthly payments to be made by respondent to the Internal Revenue Service (IRS) in satisfaction of the 1975 tax arrears of Barry and Gayle Berger.

2. Respondent neglected a legal matter entrusted to him by failing to remit to Herman Hoffman, the plaintiff in certain actions against respondent's client, Irwin Brodell, moneys which were forwarded by Brodell in or about 1975 and were to be paid to Herman Hoffman in accordance with a settlement stipulation.

3. Respondent neglected a legal matter entrusted to him by failing to perfect an appeal on behalf of his client, Leah Borenstein, from a judgment in an action entitled *Borenstein v Borenstein*.

4. Respondent commingled clients' funds by causing two monthly installments received by him from Barry H. Berger, totaling $100, which were to be forwarded by respondent to the Internal Revenue Service, to be commingled with his own funds and failing to deposit this amount in a special account.

5. Respondent commingled clients' funds by causing $600 received from Irwin Brodell, which sum respondent was obligated to forward to Herman Hoffman, to be commingled with his own funds and failing to deposit this money in a special account.

6. Respondent converted to his own use the sum of $563.50, which he had received from his client, Mary Claire Iaconetti, for the purpose of paying fees for a New York State liquor license.

7. Respondent, in violation of DR 7-106 (A) of the Code of Professional Responsibility, disregarded the ruling of a tribunal made in the course of a proceeding by failing to honor a subpoena duly served upon him and not appearing on July 25, 1979 for his deposition in a matter entitled *Cadel v Dicker,* by failing to appear on August 9, 1979 with respect to a motion to hold him in contempt and then being held in contempt by the court on August 20, 1979 as a result of his failure to appear.

8. Respondent offered to return a $1,000 retainer paid to him by Edward M. Greene and Yolanda S. Greene on condition that they withdraw their complaint against him to the Departmental Disciplinary Committee.

Respondent offers in mitigation of the sanction to be imposed the fact that he is now well advanced in age, that he owns no property and that his only source of income derives from his law practice and that, at any rate, the misconduct in question represents no more than isolated incidents. According to respondent, he is a single practitioner (although he did employ an associate for a brief period of time) who operates under constant pressure and must deal with difficult and troublesome clients on a daily basis. He further makes reference to the purportedly unavailable or hard to obtain legal services which he provides to a particular echelon of society. Generally minimizing the seriousness of his behavior, respondent claims that no one was injured thereby and that the violations of which he was found guilty all concerned small amounts — that is, $100, $600, $563.50.

However, respondent neglects to mention that he did not reimburse Irwin Brodell until after the latter had filed a complaint with the Committee and a lawsuit instituted by him against respondent was just about to go to trial. Leah Borenstein has apparently lost her right to appeal as a consequence of respondent's dereliction; and because of respondent's misconduct, Mr. Berger received a notice from the IRS threatening the seizure of his assets. Moreover, respondent endeavors to justify his conversion of Mrs. Iaconetti's funds by the brazen assertion that he decided not to pursue the liquor application since it would have required lying about Mr. Iaconetti's role in the transaction.

Notwithstanding respondent's contentions, the instant record is devoid of any mitigating circumstances. All practicing lawyers must deal with the pressures and tensions of their work and will lose their primary — if not sole — source of income if not permitted to engage in their profession; and almost all practicing lawyers handle a multitude of legal matters requiring constant exposure to troublesome clients. None of these factors explain, much less provide any justification for, respondent's misdeeds. In addition, his effort to minimize the wrongfulness of his behavior indicates a fundamental lack of understanding of the responsibilities which an attorney owes to both his clients and the legal profession.

This court has consistently imposed the penalty of disbarment where an attorney has converted the escrow funds of a client or third party. (*Matter of Pinello,* 100 AD2d 64; *Matter of Borsher,* 93 AD2d 322; *Matter of Warfman,* 91 AD2d 356; *Matter of Nadel,* 85 AD2d 8; *Matter of Field,* 79 AD2d 198; *Matter of Stults,* 77 AD2d 254, mot for lv to app den 53 NY2d 606; *Matter of Wolf,* 73 AD2d 419, and *Matter of Marks,* 72 AD2d 399.) Even where the moneys at issue were not specifically required to be held in escrow, the same sanction is appropriate. (*Matter of Salinger,* 88 AD2d 133.) The fact that the amount of the conversion is only $563.50 certainly does not diminish the seriousness of respondent's behavior nor reflect any less adversely on his honesty and fitness to practice law, particularly since it is accompanied by a host of other proven misdeeds and a history of prior disciplinary action. In the latter regard, respondent has a record of having been admonished: (1) in April of 1969, for failing to commence an action which he had been retained to institute and misrepresenting to his clients that he had started the action, (2) in March of 1978, for failing to proceed since 1973 in a negligence action, and (3) in August of 1979, for neglecting two separate and unrelated matrimonial matters.

Consequently, petitioner's motion is granted. Respondent is disbarred and his name stricken from the roll of attorneys and counselors at law.

MURPHY, P. J., KUPFERMAN, CARRO, MILONAS and ALEXANDER, JJ., concur.

Respondent is disbarred as an attorney and counselor at law in the State of New York effective July 12, 1984, and certain pages of the transcripts are directed to be sealed as indicated in the order of this court.