In the Matter of MAURICE S. ROTH (Admitted as MAURICE SAMUEL ROTH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 3, 1985

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Benjamin G. Sprecher* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice as an attorney and counselor at law in February of 1976 by the Appellate Division of the Supreme Court, Second Judicial Department. At all times relevant to the instant proceeding, he maintained an office for the practice of law in the First Judicial Department.

Petitioner Departmental Disciplinary Committee moves for an order confirming the findings of fact and conclusions of law of a hearing panel. In that regard, respondent has been found guilty of dishonesty, fraud, deceit and misrepresentation in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility by converting to his own use funds held by him pursuant to an escrow agreement. He has also been found guilty of engaging in conduct that is prejudicial to the administration of justice and that adversely reflects on his fitness to practice law in that he refused to cooperate with, and obstructed an investigation of his conduct by, the Disciplinary Committee in violation of DR 1-102 (A) (5) and (6) of the Code of Professional Responsibility.

In September of 1981, respondent performed legal services for Tanson Enterprises, Inc., Pasyl Corporation, Sylvie Enterprises, Inc., and Merchandising Holdings Corporation (the sellers) with respect to the proposed sale of certain real property to CLSS, Inc., a nominee corporation which was to act on behalf of Cammeby Realty Corporation. Rubin Schrion and Leon Reich, the principals of Cammeby, thereupon entered into an agreement with Daniel and James Houlihan and Howard Parness authorizing the latter to join as copurchasers of the property in question. On September 28, 1981, an agreement was prepared which designated respondent as escrow agent. Pursuant to that agreement, the purchasers delivered to respondent a $50,000 check representing the contract deposit and naming respondent as "Attorney and Escrow Agent". On October 5, 1981, respondent deposited this check into an escrow account, of which he was the sole signatory, maintained at Manufacturers Hanover Trust Company. The balance of the escrow account fell below $50,000 on October 7, 1981, and continued to remain below that amount. Respondent used a substantial portion of the purchasers' escrow deposit for investment in his own personal real estate transaction.

The Departmental Disciplinary Committee subsequently commenced an investigation into respondent's conduct, and, at the Committee's request, the Appellate Division for the First Judicial Department issued two separate subpoenas duces tecum, on October 19, 1982 and on February 8, 1983, respectively. Respondent's failure to comply with either subpoena was the basis for a motion before the Appellate Division to suspend him from the practice of law. The Appellate Division granted the motion and, in an order entered on June 28, 1983, suspended respondent from practice as an attorney and counselor at law until further order of the court. Nevertheless, respondent persisted in disobeying the Committee's subpoenas even after the Appellate Division's order.

This court has consistently imposed the penalty of disbarment where an attorney has converted the escrow funds of a client or third party. (*Matter of Dicker*, 102 AD2d 163; *Matter of Levine*, 101 AD2d 49; *Matter of Pinello*, 100 AD2d 64; *Matter of Hodes*, 97 AD2d 308; *Matter of Borsher*, 93 AD2d 322; *Matter of Warfman*, 91 AD2d 356; *Matter of Nadel*, 85 AD2d 8.) Moreover, the record of this proceeding does not reveal a single fact which can be offered on respondent's behalf as mitigation. He has never attempted to make restitution of the money in question. Although he initially claimed that, as escrow agent, he could not return the funds without written releases from all of the parties

involved, he later abandoned this defense and instead maintained that the $50,000 was not intended to be placed in an escrow account after all but was rather due him as an advance on a real estate commission. However, notwithstanding respondent's unsupported allegation that he was entitled to the money, the evidence is overwhelming that the $50,000 was to be held in escrow by him and that he converted that money.

Accordingly, the petition is granted. The findings of fact and the conclusions of law of the hearing panel are confirmed, and respondent is disbarred from practice as an attorney and counselor at law, effectively immediately.

Ross, J. P., CARRO, SILVERMAN, BLOOM and MILONAS, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor at law in the State of New York, effective immediately.