In the Matter of JONATHAN B. ALTSCHULER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 28, 1988

**APPEARANCES OF COUNSEL**

*Andral N. Bratton* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Rosner & Goodman* for respondent.

Per Curiam.

Respondent, Jonathan B. Altschuler, was admitted to the practice of law in New York by the First Judicial Department on February 27, 1961. At all relevant times respondent has maintained an office for the practice of law within the First Judicial Department.

On February 25, 1987, petitioner Departmental Disciplinary Committee served respondent with notice of charges alleging that he had engaged in acts constituting (i) commingling of client and personal funds, in violation of DR 9-102 (A) of the Code of Professional Responsibility and section 603.15 of the rules of this court (22 NYCRR); (ii) conduct that reflects adversely on his fitness to practice law, in violation of DR 1-102 (A) (6); and (iii) dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4).

The charges were based upon respondent's having converted to his own use the proceeds of five checks received by him on behalf of two clients during the period September 1982 to June 1983. Specifically, in November 1982, February 1983, March 1983 and June 1983, respondent deposited checks received on behalf of the clients into his regular business account rather than his escrow account and, for the three latter deposits, permitted his account balance to fall below the amounts payable to his clients.

On March 30, 1987, respondent served a verified answer admitting violations of DR 1-102 (A) (6); DR 9-102 (A) and section 603.15 of the rules of this court, but denying that he had acted in violation of DR 1-102 (A) (4), and requested an opportunity to be heard in mitigation. On April 28, 1987, the parties entered into a prehearing stipulation on the facts underlying the charges.

A hearing was held on April 29, 1987 and June 10, 1987. At the hearing, respondent again admitted the charges against him, except the charge that his conduct constituted fraud, deceit, dishonesty or misrepresentation, which he denied. In mitigation of his conduct, respondent testified that at the time of his action he was involved in a bitter and protracted matrimonial battle with his former wife, Sheila Brody. It was Ms. Brody who reported respondent's misconduct to the Departmental Disciplinary Committee, thereby triggering an

investigation into respondent's books and records and revealing the instances of financial irregularities which led to the charges. Respondent testified that as a result of the matrimonial dispute, he was experiencing emotional, professional and financial devastation at the time of his misconduct, and was being required to pay an amount of child support beyond his means.

Respondent further noted his unblemished record in 26 years of practicing law, a fact corroborated by the Committee, and summarized his many professional and civic activities, which include service on two committees of the Association of the Bar.

In addition to favorable character testimony on behalf of respondent, the Panel received the testimony of the two clients whose funds respondent commingled and converted. Both clients unequivocally stated that respondent had promptly notified them when he received moneys on their behalf and had remitted the moneys within a reasonable time and without being asked to do so. The clients had not been aware of, or affected by, respondent's mishandling of the funds, and each expressed continued trust and confidence in respondent.

At the end of the hearing the Panel concluded that respondent had committed acts of commingling and conversion constituting violations of DR 1-102 (A) (6) and DR 9-102 (A), but that his conduct did not violate DR 1-102 (A) (4), because the evidence failed to show an intent to defraud or deceive. The Panel issued its report and recommendation to this effect on April 5, 1983, and referred the matter to this court with a recommendation that respondent be publicly censured.

By notice of petition dated May 5, 1988, the Departmental Disciplinary Committee requests that this court review the Hearing Panel's report and recommendation and impose such sanction upon respondent as the court deems appropriate.

An attorney's conversion of funds belonging to a client or a third party is generally viewed as grave misconduct warranting the severe penalty of disbarment (Matter of Malatesta, 124 AD2d 62), for an attorney who misappropriates funds is presumptively unfit to practice law. (Matter of Marks, 72 AD2d 399, 401.) However, this court has also observed that " 'we do not always disbar when an attorney is guilty of conversion of client's funds (see, e.g., Matter of Einhorn, 88 AD2d 95), but have taken mitigating circumstances into consideration' "

*(Matter of Pressment,* 118 AD2d 270, 273-274, quoting *Matter of Walker,* 113 AD2d 254, 257, *mot to dismiss appeal granted* 67 NY2d 917). Rather, "[w]e will * * * recognize a long and unblemished record of practice before the Bar as a mitigating factor, provided that the party injured by the attorney's misconduct has been made whole" *(Matter of Levine,* 101 AD2d 49, 51).

In the case before us, the Panel enumerated several mitigating factors which would militate against disbarment including (a) the contemporaneous notice respondent gave his clients that he had received their funds; (b) the full and reasonably prompt payment of funds to the clients; (c) the lack of complaint by, or injury to, any client; (d) the nature of the conversion and the lack of intent to steal or deprive; (e) respondent's cooperation with the Disciplinary Committee including his forthright and immediate admission of the charges; (f) his contrite and sincerely regretful attitude; (g) his record of professional and civic service; and (h) his previously unblemished record during a 26-year career at the Bar.

In light of the substantial mitigation evidence, we find that disbarment is not an appropriate sanction in this case. However, we also reject as inappropriate the sanction of censure, for despite the mitigation, the charges against respondent undeniably evince professional misconduct of a serious nature. Rather, we conclude that this case is one in which the penalty of suspension, despite a finding of guilt on the charge of conversion of client funds, should be imposed. *(See, Matter of Solomon,* 87 AD2d 137; *Matter of Engram,* 129 AD2d 115.) Respondent is therefore suspended for a period of two years, effective September 30, 1988.

Accordingly, the Committee's petition should be granted to the extent of reviewing the Hearing Panel's report and recommendation, confirming the finding of guilt; the recommendation of censure should be denied, and respondent should be suspended for two years, effective September 30, 1988.

SANDLER, J. P., SULLIVAN, ASCH, KASSAL and SMITH, JJ., concur.

Petition granted to the extent of reviewing the Hearing Panel's report and recommendation and confirming the finding of guilt; recommendation of censure is denied and respondent is suspended from the practice of law for a period of two years, effective September 30, 1988 and until the further order of this court.