[831 NYS2d 123]

In the Matter of RAFAEL VENTURA-ROSA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 15, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Joseph J. Hester* of counsel), for petitioner.

*Rafael Ventura-Rosa*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Rafael Ventura-Rosa was admitted to the practice of law in the State of New York by the First Judicial Department on September 19, 1983. At all times relevant to this petition, respondent resided in the State of Florida but is neither admitted to the Florida bar nor otherwise licensed to practice law in that state.

These proceedings arise from respondent's representation of Henry Fiol, a New York resident who, in January 2003, engaged respondent by telephone to bring a copyright infringement action seeking recovery of royalties from one Roberto Torres and his business entities, all of which are located in Florida. Mr. Fiol's payment, by money order, of $1,000 as an initial retainer is not documented by a retainer agreement. Respondent sent a letter to Roberto Torres, in Miami, in which respondent stated that he was representing Mr. Fiol in the matter. The stationery bears the heading "Estudio Juridico Ventura-Rosa" (Law Office Ventura-Rosa), "Dr. Rafael Ventura-Rosa Abogado y Asesor Legal" (Dr. Rafael Ventura-Rosa Attorney and Legal Counsel), listing addresses in both New York City and Miami. The letterhead fails to indicate the jurisdictions of respondent's admission to the practice of law. Furthermore, respondent has never maintained an office at the address listed in New York.

As the result of a settlement reached with Roberto Torres the following month, a check was made out to respondent, on his instructions, in the amount of $3,384.96, which respondent did not deposit in an attorney trust account but simply cashed. A letter dated April 25, 2003 from the client demanding the proceeds of the settlement was ineffective in securing payment. Also unavailing was a verbal request by Mr. Fiol, made in June 2003, asking that the money be repaid to Roberto Torres for the purpose of preserving the claim against him.

In May 2003, Mr. Fiol registered a complaint with the Florida State Bar and, in June, respondent gave testimony before the Unauthorized Practice of Law Committee of the Florida State

Bar. These proceedings before the Florida Committee culminated in an agreement that respondent would pay Mr. Fiol $3,384.96 and, without admitting to such conduct in the past, would refrain from the unauthorized practice of law in the State of Florida. In March 2004, respondent entered into a stipulation with the Florida Committee that a writ of injunction would issue permanently enjoining respondent from holding himself out as an attorney authorized to practice law in Florida, giving advice about Florida law, representing another person in a Florida legal matter, using a letterhead with a Florida address without clearly indicating that he was not admitted to practice in Florida, acting as house counsel in Florida unless complying with Florida requirements, and otherwise engaging in the unlawful practice of law. Respondent also agreed to repay Mr. Fiol the $1,000 received as a retainer fee within 30 days and to return to Roberto Torres, on behalf of Mr. Fiol, the $3,384.96 received in settlement of their copyright dispute. On April 22, 2004, the Florida Supreme Court issued a judgment and order granting a petition by the Florida Committee to approve the settlement.

The inability to procure the proceeds of the settlement of the copyright action despite the issuance of the Florida Supreme Court consent order prompted Mr. Fiol to file a complaint with the Departmental Disciplinary Committee. On December 1, 2005, the Committee served respondent with a notice and statement of charges, alleging that he violated: Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3) by engaging in the unauthorized practice of law in Florida; DR 9-102 (a) (22 NYCRR 1200.46) by misappropriating settlement proceeds he had received on behalf of a client; DR 9-102 (b) by failing to deposit settlement funds he received on behalf of his client in a special account; DR 7-106 (a) (22 NYCRR 1200.37) by disregarding an order and judgment entered on consent by the Florida Supreme Court requiring respondent to return the retainer fee and the misappropriated settlement proceeds in accordance with his client's directions; and DR 1-102 (a) (7) by reason of the totality of his actions demonstrating his lack of fitness as an attorney.

Respondent filed an answer and, in a prehearing stipulation dated January 17, 2006, admitted to substantially all of the factual allegations contained in the charges but not to the charges themselves. A scheduled hearing was adjourned based on respondent's representation that traveling to New York

would impose "a severe financial burden." Respondent did not appear on the adjourned date, and the Referee proceeded with the liability portion of the hearing, sustaining all of the charges except that respondent's unauthorized practice of law in Florida constituted criminal activity. Respondent was notified that a sanction hearing would be held on March 3, 2006, but his participation was limited to the submission of a post-hearing memorandum. In a report dated April 21, 2006, the Referee adopted committee staff's recommendation of a three-year suspension with the proviso that readmission would be conditioned on respondent's compliance with the Florida Supreme Court judgment.

In June 2006, a Hearing Panel convened to hear oral argument and review the Referee's findings, but it was unable to secure respondent's appearance. The Hearing Panel unanimously confirmed the Referee's findings of fact and conclusions of law but modified the sanction recommendation. The Panel concluded that respondent's "knowing, continued and deliberate misappropriation of client funds and knowing, continued and deliberate disregard of a judgment of the Florida Supreme Court ordering the return of those funds" warranted "the most severe sanction, that of disbarment."

The Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) confirming the Hearing Panel's determination that confirmed, in part, the Referee's report and imposing such discipline as this Court deems fair, just and equitable.

The evidence together with respondent's admissions establishes that he engaged in conduct that amounts to the unauthorized practice of law, failed to deposit the proceeds of a settlement in an attorney trust account and diverted those funds to his own use, failed to abide by the terms of a stipulation he entered into with the Florida Committee, ignored the judgment of the Florida Supreme Court and, despite the pendency of these prior proceedings or the disciplinary proceedings before the Committee, steadfastly refused to repay the amounts directed by that court. No evidence was offered by respondent at the hearing in mitigation of his conduct although contacted by the Committee by telephone for that purpose.

This Court is unpersuaded by respondent's contention that the sanction of disbarment should be reserved for multiple instances of misappropriation of client funds (*e.g. Matter of Birnbaum*, 308 AD2d 180 [2003] [17 intentional instances of conversion involving 16 client matters]; *Matter of Marks*, 72 AD2d 399

[1980] [eight incidents of misappropriation and conviction of petit larceny]). While respondent's misconduct arises out of a single client matter, it has involved proceedings before tribunals in two states during which he has demonstrated his refusal to honor his stipulated agreement to make restitution and his disdain for a court order and judgment to that effect. Respondent's cooperation in the proceedings conducted in this state has been begrudging. Thus, we conclude that respondent's disrespect for the disciplinary proceedings of two jurisdictions and for the process of law (DR 7-106 [a]) so adversely reflects on his fitness as a lawyer that he should no longer be permitted to practice (DR 1-102 [a] [1], [3], [4], [5], [7]). Nor do we credit the distinction that respondent's admission to the misconduct charged falls short of an admission to engaging in the unauthorized practice of law in the State of Florida. In short, under the totality of the attendant circumstances, considering respondent's conceded dishonesty, his contumacy and lack of contrition, imposition of the ultimate sanction of disbarment is warranted.

Accordingly, the Committee's motion should be granted to the extent of striking respondent's name from the roll of attorneys in the State of New York, effective immediately.

TOM, J.P., SAXE, FRIEDMAN, SULLIVAN and McGUIRE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.