In the Matter of JOHN T. TOMICKI, JR., an Attorney, Respondent. ROCKLAND COUNTY BAR ASSOCIATION, Petitioner.

Second Department, January 26, 1970.

*David Coral* for petitioner.

*John T. Tomicki, Jr.,* respondent in person.

*Per Curiam.* The Justice of the Supreme Court to whom the issues herein were referred having submitted his report to this court, wherein he found three of the four charges of professional misconduct sustained, the petitioner now moves to confirm the report as to the three charges which were found sustained and to disaffirm the report as to the charge which was not sustained.

The petition sets forth four separate charges of misconduct, the first three of which arose out of the issuance by the respondent of checks which were dishonored. One check for $200 was given to a personal friend at a time when the respondent "knew or should have known that there were insufficient funds" therefor in his bank account; another check for $315.18 was issued, under similar conditions, to a local tradesman who had sold a washing machine to the respondent, and was dishonored, and two other checks in replacement thereof were similarly dishonored; and lastly, a postdated check for $200 was issued to the proprietor of a local gasoline station on a closed bank account. The fourth charge is predicated upon the respondent's failure to co-operate with the petitioner's Grievance Committee in connection with its investigation of the three complaints with respect to the checks.

The respondent's answer to the petition alleged that at the times he issued the original checks in the three matters he believed them to be viable and that the second replacement check issued in payment for the washing machine was returned "since one of the checks * * * [he] had deposited in * * * [his] account was returned to him for insufficient funds." In answer to the fourth charge, he alleged the follow-

ing circumstances in mitigation of all the charges; that in 1967, out of public-spirited motives, he became interested in an urban renewal project in which he "invested all of his savings." This project resulted in "a complete financial failure and a loss of * * * time and funds," which the respondent was unable to "recoup". Contemporaneously, expected legal fees were not paid by his clients, though earned; and, towards the end of the year, the respondent incurred "extraordinary medical expenses" and suffered extreme mental anguish due to serious illness in his family. Because of these factors, foreclosure proceedings against his family dwelling were commenced; and he became "physically and emotionally depleted and was not functioning in a sound businesslike manner."

Justice SIRIGNANO found that the evidence adduced at the hearing before him supported the first two charges but did not support the charge that the respondent had knowingly issued a check on a closed bank account. We are in accord with the Justice's findings as to the first two charges and with his further finding, as to the third charge, that no evidence has been presented "to show that the respondent knew or should have known that * * * [the] account had been closed by the bank prior to or at the time of the [check's] issuance."

With respect to the fourth charge, the respondent admitted that, in response to a letter from the Grievance Committee written to him during the course of its preliminary investigation into one of the three complaints as to the checks, he had erroneously advised its chairman that the amount of the check in question had been paid; and he further admitted that he had failed to file a written answer to that complaint as requested by the Grievance Committee and had failed to appear before the Grievance Committee on the date set for a hearing. The Justice found this charge supported by the evidence.

In our opinion, the findings of the Justice with respect to the aforesaid charges are fully sustained by the proofs and, accordingly, the report should in all respects be confirmed. Accordingly, the petitioner's motion is granted insofar as it is to confirm the report and is otherwise denied; and the report is confirmed in its entirety.

The issuance of checks by an attorney, without sufficient funds on deposit, is a serious violation of professional standards (*Matter of Buttles,* 23 A D 2d 446) and, while not involving an attorney-client relationship, the respondent's conduct reflects on the reputation of attorneys generally, however isolated the

occurrences (cf. *Matter of Kaufman,* 29 A D 2d 298). Moreover, the respondent's failure to co-operate honestly and forthrightly with the petitioner's Grievance Committee was a breach of professional ethics which cannot be condoned.

However, in determining the measure of discipline to be imposed upon the respondent, we have taken into consideration certain extenuating circumstances which, in some measure, tend to mitigate the respondent's conduct. As found by the Justice, "during the times in question, the respondent, because of his financial condition, the foreclosure of his home and the critical delivery of his youngest child, was distraught, confused, disturbed and demoralized." Shortly after the commencement of the petitioner's investigation into his conduct and prior to the institution of this proceeding, full restitution was made to each of the payees of the checks which had been dishonored. The respondent has been active in various communal, civic and charitable endeavors. In view of the respondent's tenure at the Bar without previously reported misconduct, and in view of the circumstances herein set forth, we deem the appropriate measure of discipline to be a censure.

Respondent should be censured.

BELDOCK, P. J., CHRIST, BRENNAN, RABIN and HOPKINS, JJ., concur.

Motion granted insofar as it is to confirm the report and it is otherwise denied; and report confirmed in its entirety. Respondent is herewith censured for the conduct of which he has herein been found guilty.