In the Matter of THOMAS J. MAZZA, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 4, 1976

*John G. Bonomi* of counsel *(Saul Friedberg* with him on the brief), for petitioner.

*Peter A. McKay* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in the First Judicial Department in June, 1959. Charges of professional misconduct have been laid against him as hereinafter set forth, and Honorable GUSTAVE G. ROSENBERG was appointed Referee to hear them. There is no record of any other charge against him prior to the instant matter. Respondent, relatively inexperienced in any branch of the law except defense in criminal cases, undertook assignment to prepare, process and have approved certificates of incorporation for two not-for-profit social service agencies in the field of assistance to mental retardates in securing employment and residential accommodations. His work, not having been properly done by reason of his inexperience and failure to secure assistance from those knowledgable, was rejected for filing. Instead of revealing the truth to his clients, he falsely represented that

the incorporations had been properly completed, approved, and filed, carrying his fabrications to the extent of supplying a false certificate, and also supplying his clients false "exemption numbers" covering sales and use taxes. To compound his misdeeds, respondent received a fee and alleged disbursements from his clients.

When one of his social service "corporations" was sued, his history of deception was revealed, and he then, as he did before the Referee, made a clean breast of the career of falsification. Though, by his failure to carry out his duties, individuals who were principals in the agencies were exposed to the peril of personal liability for leases and other contracts, no person involved suffered financial injury; volunteer lawyers completed whatever was necessary to accomplish what respondent had neglected. Respondent's explanation for his misconduct was that he was ashamed to face his clients with the truth, even though, as he realized later, he might well have been forgiven and permitted to complete the work properly.

The Referee has found the charges fully sustained, and his report is confirmed. Respondent's conduct cannot be justified on any score, either as to neglect or falsehood. To his favor, it may be said that his record is otherwise clean and that he has presented no obstacle to the swift adjudication of this case. Fortunately, and, it is observed, not to be credited to respondent, no one suffered financial loss, unless the fees paid to him are deemed such, and we are told that he had rendered other unrecompensed services to his later clients, the two agencies. We have no doubt that respondent has learned a bitter lesson in the responsibilities owed by members of the legal profession to the general public. Balancing all the factors to be considered, we conclude that respondent should be suspended from the practice of law for a period of 18 months.

STEVENS, P. J., MARKEWICH, BIRNS, SILVERMAN and CAPOZ-ZOLI, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of 18 months, effective December 6, 1976.