In the Matter of MORRIS S. LEVINE, Also Known as MURRAY S. LEVINE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE, Petitioner.

First Department, January 4, 1979

### APPEARANCES OF COUNSEL

*Peter J. Byrnes* for respondent.

*Alan S. Phillips* of counsel *(James D. Porter, Jr.,* attorney), for petitioner.

### OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by the Appellate Division, Second Department, at a term of that court on

November 7, 1928, under the name of Morris S. Levine. The petition sets forth a single charge of professional misconduct against respondent, which was in substance admitted by respondent in his answer. The Referee recommends that respondent be censured. Presenting the only issue before us petitioner, moving to confirm the report, urges that respondent be suspended.

The essential facts bearing on the misconduct are these.

On or about May 2, 1974, respondent received the sum of $3,425 from a client, to be held in escrow, pursuant to the terms of an elevator repair contract. On or about October 8, 1974, respondent appropriately applied $1,000 of the escrow funds and thereafter converted the remaining $2,425 to his own use.

Respondent contended, apparently without contradiction, that over the relevant period of time he had rendered legal services to the complainant in connection with the repair contract and other matters, for which he received no compensation, and the value of which was substantially in excess of the misapplied escrow funds.

The Referee also notes that although the elevator work had stopped by early 1975, the complainant made no demand for the return of the balance of the escrow funds for almost two years.

As part of respondent's case, three documents were submitted. Exhibit A is a letter to the complainant, dated February 28, 1978, offering him a confession of judgment with terms of payment. Exhibit B is a Federal tax lien. Exhibit C is a Federal levy on the tax lien.

The evidence clearly sustains the charge of misconduct. Respondent's claim that he had performed legal services for his client without compensation in excess of the amount converted does not, of course, justify his action.

As to the appropriate sanction, we note the following mitigating circumstances.

Respondent is 73 years of age, a member of the Bar for almost 50 years with no other blemish on his record. He suffered from serious, painful health problems for some years prior to the incident in question and these have intensified. Although the failure to make restitution is disturbing, it is clear that respondent is in severe financial straits. Finally, it is apparent, as found by the Referee, that respondent acted in

the sincere belief that he had at least a moral claim to the money in question.

Notwithstanding these extenuating facts, the serious misconduct involved requires a more severe sanction than the censure recommended by the Referee.

Accordingly, respondent is suspended for a period of three months.

MURPHY, P. J., KUPFERMAN, BIRNS, SILVERMAN and SANDLER, JJ., concur.

Motion to confirm Referee's report and for other relief granted and respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of three months effective as of February 5, 1979.