In the Matter of ROBERT I. HODES, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 8, 1983

APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Robert I. Hodes,* respondent *pro se.*

OPINION OF THE COURT

*Per Curiam.*

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, moves for an order pursuant to 22 NYCRR 603.4 (d), confirming a hearing panel's findings of fact and conclusions of law, and its recommendations dated June 23, 1983, that respondent Robert I. Hodes be disbarred. Respondent was admitted to practice as an attorney and counselor at law in the State of New York by the Appellate Division, Supreme Court, Second Judicial Department, on March 25, 1959, and maintained an office for the practice of law within the First Judicial Department.

Disciplinary proceedings were brought against the respondent alleging illegal and unethical professional misconduct as an attorney, in violation of section 90 of the Judiciary Law of the State of New York, and various disciplinary rules of the Code of Professional Responsibility. Specifically, the charges, dated June 23, 1982, charged respondent with conversion, commingling, failure to account to his client, misrepresentation, issuing worthless checks and failure to co-operate with the Departmental Disciplinary Committee in its investigation.

The charges concerned the fact that on or about May 7, 1980, James F. Lencina, as seller, represented by respondent, and Serban Dunareanu, as purchaser, entered into a contract of sale for real estate located at 434 West 20th Street, New York, New York. Pursuant to the contract of sale, respondent was to receive for the purchase $30,000 to be held in escrow pending the closing of title. On May 7, 1980, he received $10,000 and deposited that amount in his escrow account in Israel Discount Bank. On or about May 27, 1980, respondent received an additional $20,000 which he deposited in his escrow account on the same day. On June 5, 1980, pursuant to the terms of the contract of sale, respondent disbursed $15,000 from his escrow account; $14,760 was distributed to James F. Lencina and $240 was disbursed to the New York County Registrar's Office in payment of recording fees and taxes for a recording of the mortgage on the property. Thereafter, prior to August 18, 1980, without the knowledge or consent of either party to the transaction, respondent converted approximately $14,960 to his own use. On or about July 23, 1980, James F. Lencina conveyed his interest in 434 West 20th Street to J.F.L. Realty Corp. On or about August 18, 1980, J.F.L. Realty Corp. by its president, Lorraine Lencina, conveyed the premises to Flamborough, N.V., the assignee of Serban Dunareanu's interest under the original contract of sale. At the closing, in order to insure vacant possession of the premises, the parties to the sale entered into an agreement whereby $30,000 of the purchase price, consisting of the remaining $15,000 of the initial contract of sale deposit and an additional $15,000 to be paid by the purchaser, would be held in escrow by respondent until January 2,

1981. On or about August 18, 1980, respondent received the additional $15,000 from the purchaser and deposited it in his escrow account. Thereafter, without the knowledge or consent of his client or the purchaser, respondent converted the escrow funds to his own use.

Respondent was charged with knowingly making false statements of fact to Acting Justice LEHNER of the Supreme Court, New York County, and to the Departmental Disciplinary Committee, as follows: On or about August 14, 1981, Lorraine Lencina, executrix of the estate of James F. Lencina, commenced an action against the respondent Robert I. Hodes in Supreme Court, New York County, seeking, *inter alia,* return of the $30,000 held in escrow by respondent pursuant to the agreement entered into by the parties at the closing on August 18, 1980. On or about September 22, 1981, plaintiffs moved by order to show cause for an order of attachment against the respondent. Thereafter, respondent falsely represented to Justice LEHNER that he was holding a certificate of deposit in the Israel Discount Bank of New York in the approximate amount of $26,000 on behalf of the plaintiffs.

Further, it was charged that on or about May 8, 1981, respondent borrowed $2,500 from Mary L. Bishop and signed a promissory note for payment on demand, 30 days after the date of the note. Respondent repaid Miss Bishop $800 on or about June 22, 1981, and repaid her $1,000 on or about June 29, 1981. Thereafter, on or about November 13, 1981, respondent, knowing that he did not have sufficient funds therefor, issued two checks to Mary L. Bishop, each in the amount of $333, dated November 14, 1981 and November 28, 1981, respectively, drawn on an account maintained by him at the Bank of New York. The checks were both dishonored and returned by the bank, marked "Insufficient Funds". To the date the statement of charges was filed against respondent, he had not made full satisfaction of either check.

Finally, respondent was charged with failing to co-operate with the Departmental Disciplinary Committee in its official investigation.

The charges and testimony thereon were heard before a hearing panel on December 16, 1982 and January 13, 1983,

during which time respondent appeared, represented by counsel. Respondent testified in essence that there was a fee dispute between the respondent and his client, petitioner's witness, Lencina, and that the money in question, held in escrow, was in reality owed to him for past services. In addition, respondent asserted that the issuance of the two worthless checks to Mary L. Bishop involved a disagreement over a personal business transaction, isolated and minor in nature, and not arising out of an attorney-client relationship.

The hearing panel found that respondent was guilty of conversion in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility; that respondent was guilty of commingling his client's funds with his own funds in violation of DR 9-102 (A) of the Code of Professional Responsibility; of failure to account to his client in violation of DR 9-102 (B) (3) and (4) of the Code of Professional Responsibility; of engaging in conduct involving dishonesty, deceit and misrepresentation, in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility; and knowingly making a false statement of a material fact to a Justice of the Supreme Court, in violation of DR 1-102 (A) (4) and (5) of the Code of Professional Responsibility. The hearing panel also found that respondent was guilty of failing to repay the balance of a personal loan in the amount of $666 although payment was duly demanded, in violation of DR 1-102 (A) (4) and (6) of the Code of Professional Responsibility. The panel concluded that respondent's acts were those of illegal conduct involving moral turpitude and constituting professional misconduct under the Code of Professional Responsibility, and recommended disbarment.

Respondent's contention that the funds were applied to fees previously owed to him by his clients is unavailing. Conversion of clients' funds held in escrow is not excused by the fact that respondent has rendered legal services to the client for which he received no compensation (see *Matter of Levine*, 65 AD2d 326). This court has previously stated that: "[a]ny attorney who converts funds entrusted to his custody is, presumptively, unfit to be a member of the bar." (*Matter of Marks*, 72 AD2d 399.) In addition,

respondent's false representations to Justice LEHNER concerning the existence of a $26,000 certificate of deposit in the Israel Discount Bank, constituted serious professional misconduct (*Matter of Smith,* 59 AD2d 39; *Matter of Mazza,* 54 AD2d 193). Likewise, respondent's conduct in issuing postdated checks in repayment of a loan, and his authorization to the payee to deposit each check as it matured, when there were insufficient funds on deposit in the account, constituted professional misconduct (*Matter of Guttmann,* 54 AD2d 70; *Matter of Tomicki,* 33 AD2d 270, 272). Respondent's contention that such conduct does not involve professional responsibility and that it did not arise out of an attorney-client relationship does not pass muster. Thus, this court has stated: "Although the worthless checks were not related to his law practice, their issuance cannot be condoned and is a violation of professional standards." (*Matter of Kaufman,* 32 AD2d 358, 359; *Matter of Tomicki, supra,* p 272.)

■ Finally, respondent's contention that the Disciplinary Committee erred in applying the preponderance of evidence rule in this matter is without merit. "Disciplinary proceedings against an attorney for professional misconduct have consistently been held not to be criminal proceedings but rather are those which serve to protect the court and society from the practice of law by persons who fail to maintain the necessary standards of integrity and probity" (*Matter of Anonymous Attorneys,* 41 NY2d 506, 509). The questions involved in disciplinary proceedings are to be determined upon a fair preponderance of the evidence and the reasonable inferences to be drawn therefrom (*Matter of Feola v New York State Bar Assn.,* 37 AD2d 789).

■ The credible evidence presented in the transcripts and the exhibits support the findings of the hearing panel. Respondent's actions have demonstrated professional misconduct of a most serious nature and, pursuant to subdivision 2 of section 90 of the Judiciary Law, he should be disbarred.

Accordingly, the motion by the Departmental Disciplinary Committee to confirm the findings of fact and conclu-

sions of law should be granted, and respondent's name stricken from the roll of attorneys and counselors at law.

KUPFERMAN, J. P., SANDLER, CARRO, ASCH and BLOOM, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.