In the Matter of THOMAS J. MAZZA, an Attorney, Petitioner. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Respondent.

First Department, December 27, 1984

**APPEARANCES OF COUNSEL**

*Lawrence S. Goldman* of counsel (*Goldman & Hafetz*, attorneys), for petitioner.

*Michael A. Gentile* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Petitioner was admitted to the Bar in this court on June 23, 1959. By orders of this court dated November 4, 1976 and December 2, 1976, petitioner was suspended from practice for a period of 18 months effective January 6, 1977. The misconduct for which he was suspended involved improper preparation of certain certificates of incorporation which were then rejected for filing, and false representations by petitioner to his clients that the work had been properly completed and filed, and supplying his clients with false certificates and false "exemption numbers". (*Matter of Mazza,* 54 AD2d 193.)

Petitioner has now applied for reinstatement to the Bar. This is his first application for reinstatement. The matter was referred to our Committee on Character and Fitness which recommended reinstatement.

The major doubt as to reinstatement arises from the fact that as late as July 19, 1983, in making applications to the Insurance Department for an insurance agent's license, petitioner answered "No" to the questions whether he had ever been charged in any capacity whatsoever by any insurer or others with irregularities in money or any other transactions, or whether he had ever been refused a license or had one suspended for cause by the Insurance Department or by any State or governmental agency or authority; and that in completing the "Biographical Information File for Prospective Agents" for his present employer, he gave as a reason for leaving his law practice "relocated", and made no mention of the disciplinary proceeding or suspension. Petitioner stated to the members of the Character Committee that when he completed these forms, he was thinking of insurance and not law.

We agree that petitioner's answers were, to say the least, not up to the standard of truthfulness and candor to which attorneys should be held. We note that these omissions or misstatements were not made in the course of any action as an attorney.

Petitioner's period of suspension was originally 18 months which would have expired in July, 1978; and his suspension has now continued for an additional 6½ years. This extended suspension we think is adequate sanction even for his less than candid answers to his employer and the Insurance Department.

Accordingly, the report of the Committee on Character and Fitness recommending that petitioner be reinstated is confirmed and petitioner is reinstated to the Bar on condition that petitioner take and attain a passing score on the Multistate Professional Responsibility Examination in compliance with section 603.14 (b) of the Rules of the Appellate Division, First Department (22 NYCRR).

ALEXANDER, J. (dissenting). Respectfully, I must dissent from the grant of this application for reinstatement. In my view, petitioner has failed to satisfactorily demonstrate that he is presently possessed of the character and fitness for readmission to the practice of law. The fact that his 18-month suspension has continued for 6½ years is a function of his not having previously applied for readmission and thus is essentially irrelevant to a consideration of this application.

What is highly pertinent, however, is the fact that since his suspension, petitioner apparently has consistently and deliberately concealed the fact of that discipline from his various employers and from the New York State Insurance Department.

When asked about this concealment by the Committee on Character and Fitness, petitioner dissembled in a manner reminiscent of the conduct that led to his suspension. His answering "No" to the straightforward question on his recent application from the Insurance Department as to whether he had "(C) [b]een refused a license or had one suspended or revoked for cause by the Insurance Department, or by any State or governmental agency or authority", appears to be nothing less than a deliberate concealment of what may well have been a material fact. His explanation that he was "thinking about insurance and not law" is hardly satisfactory.

His misrepresentation to the Committee that although he "had not disclosed to any of his employers his status as a suspended attorney * * * if the question had been put to him by the employer, he would have revealed his status as a suspended attorney" is not to be taken lightly. Especially so, when on his "Biographical Information File for Prospective Agents", submitted to his present employer, apparently also in the summer of 1983, in response to a request that he list "all jobs held", petitioner not only omitted listing a number of positions held that he has enumerated on his reinstatement application, but misrepresented that he had been self-employed full time as an attorney engaged in "law practice" from January, 1958 to January, 1968 and that his reason for leaving was that he "Relocated". In my view, the petitioner's explanation for these discrepancies and concealments is inconsistent with his professed "deep desire to rehabilitate" himself upon his return to New York State from California, and the fact that it was "increasingly important for (his) self respect to be able to practice law once again".

I cannot accept the implication of the majority's comment that "these omissions or misstatements were not made in the course of any action as an attorney", especially when it was petitioner's "omissions and misstatements" which led to his suspension.

SANDLER, J. P., SILVERMAN and FEIN, JJ., concur; ALEXANDER and ASCH, JJ., dissent in an opinion by ALEXANDER, J.

Motion granted and respondent reinstated as an attorney and counselor at law in the State of New York on condition that he take and attain a passing score on the Multistate Professional Responsibility Examination in compliance with section 603.14 (b) of the Rules of the Appellate Division, First Department (22 NYCRR).