In the Matter of SAMUEL U. WISEMAN (Admitted as SAMUEL ULRICH WISEMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 7, 1985

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Samuel U. Wiseman was admitted to practice as an attorney and counselor-at-law on December 16, 1963 by the Appellate Division, First Judicial Department. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Department.

On July 12, 1984, respondent was served with charges alleging that he has been guilty of serious professional misconduct prejudicial to the administration of justice in that he engaged in conduct involving dishonesty, fraud, deceit and misrepresentation which adversely reflects on his fitness to practice law by converting to his own use funds held by him pursuant to escrow agreements, a violation of Code of Professional Responsibility DR 1-102 (A) (4) and 1-102 (A) (6). Respondent failed to file an answer to the charges against him, despite being granted an

extension of time within which to do so, or to respond to subpoenas from this court directing production of the records of his escrow account and his handling of his clients' funds. In an order entered on December 27, 1984, this court suspended respondent, pending further order of this court, as a result of his lack of cooperation with the investigation by the Departmental Disciplinary Committee into the complaints against him and for his unexplained and unjustified default in answering.

In the meantime, a hearing panel had convened on October 15, 1984 and October 29, 1984 in accordance with 22 NYCRR 603.4 (b). Respondent failed to appear on either of those dates and did not offer any valid justification for not attending. The panel thereupon found respondent to be in default and deemed the charges against him to be admitted under section 3.9 (d) of the Committee's rules. These charges stated that in or about November of 1982, respondent represented Shan Garfield in the sale of a single-family home and personal property and that, pursuant to two contracts of sale, the purchasers delivered checks to respondent in the total amount of $22,500 to be held in escrow pending the closing of the sale of the real property. Thereafter, respondent deposited the checks into an account which he maintained in his own name at Chemical Bank and converted this money to his own use.

In addition, in or about September of 1981, respondent represented World Wide Sign & Indicator Corporation in the sale of its product to Malena CIA de Inversiones. The purchase agreement between the parties provided that respondent, as escrow agent, was to hold $488,750 until such time as certain specified conditions were met. Respondent received these funds on or about September 22, 1981 and then opened an interest-bearing certificate of deposit at Chemical Bank in the name of "Samuel U. Wiseman in escrow for World Wide Sign & Indicator Corp." Although respondent subsequently released $438,750 plus the accrued interest upon the fulfillment of the terms and conditions of the contract, he converted to his own use the balance of the escrow fund, $50,000, which was to have remained in escrow pending a final condition of the purchase agreement being met.

This court has consistently imposed the penalty of disbarment where an attorney converts to his own use the escrow funds of a client or third party. (*Matter of Dicker,* 102 AD2d 163; *Matter of Levine,* 101 AD2d 49; *Matter of Pinello,* 100 AD2d 64; *Matter of Hodes,* 97 AD2d 308; *Matter of Borsher,* 93 AD2d 322.) Moreover, respondent's entire course of conduct with regard to the instant proceeding has demonstrated an utter contempt for the rules and mandate of this court.

Consequently, the petition by the Departmental Disciplinary Committee is granted. The findings of fact and the conclusions of law of the hearing panel are confirmed, and respondent is disbarred from practice as an attorney and counselor-at-law, effective immediately.

SULLIVAN, J. P., ROSS, CARRO, ASCH and MILONAS, JJ., concur.

Respondent is disbarred as an attorney and counselor-at-law in the State of New York, effective March 7, 1985.