In the Matter of LEONARD A. SUSSMAN (Admitted as ABRAHAM L. SUSSMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 3, 1987

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee for

the First Department, moves to confirm the findings of fact and conclusions of law made by its hearing panel on November 21, 1986 and disbar respondent, Leonard A. Sussman, from the practice of law and strike his name from the roll of attorneys.

Respondent was admitted to practice in this State by this court on March 20, 1930, under the name Abraham Leonard Sussman. At all times relevant herein, he maintained an office for the practice of law within the First Judicial Department.

A notice and statement of charges, dated June 18, 1986, was served on respondent, to which he failed to reply. A hearing was held on October 20, 1986, before a hearing panel of the Departmental Disciplinary Committee, in accordance with its rules and section 603.4 (b) of the rules of this court (22 NYCRR). Respondent failed to appear. A record of the proceeding was made.

Respondent has been charged with: engaging in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4); conversion of client funds, in violation of DR 9-102; failure to promptly notify a client of the receipt of funds, in violation of DR 9-102 (B) (1); failure to account for client funds in violation of DR 9-102 (B) (3); failure to deliver client funds in violation of DR 9-102 (B) (4); and engaging in conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5).

These charges are based on respondent's conduct with respect to various clients and his failure to cooperate with the Departmental Disciplinary Committee's investigation of that conduct. From June 1975 through September 1983, respondent advised Meta Goldberg, his client of over 20 years, to lend him a total of $28,000, which loans were evidenced by four separate promissory notes. Respondent failed to make interest payments on the loans subsequent to February 1985 or repay any of the principal.

In 1985, respondent converted to his own use the proceeds of a $10,162 check mistakenly forwarded and made payable to him jointly with one of his former clients, Joseph Markovitz, Inc. Between February and March 1984, respondent converted to his own use the proceeds of five checks totaling $177,700.46, which he received as attorney for N. Kenneth Kean, the distributee of an estate. Lastly, respondent failed to respond to two complaints of professional misconduct forwarded to him

by the Departmental Disciplinary Committee, relating to the Meta Goldberg and N. Kenneth Kean matters.

Respondent failed to appear on the hearing date of October 20, 1986. Accordingly, the hearing panel held him in default for his failures to answer the charges and appear at the hearing. Pursuant to rule 3.9 of the Rules and Procedures of the Disciplinary Committee, the panel deemed the allegations in the charges admitted and granted staff counsel's motion to sustain the charges. The matter has now been referred to this court for confirmation of the hearing panel's findings and conclusions of law, with the recommendation that respondent be disbarred.

On the basis of the evidence presented and respondent's failure to deny the charges or to interpose any defense, the conclusion is inescapable that respondent has converted funds belonging to his clients and committed other acts of misconduct which prove his unfitness to be a member of the Bar. (See, Matter of Crean, 86 AD2d 107, 108; Matter of Marks, 72 AD2d 399, 401.) Accordingly, the report of the hearing panel of the Departmental Disciplinary Committee is confirmed, respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law.

CARRO, J. P., ASCH, MILONAS, ROSENBERGER and ELLERIN, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective April 3, 1987.