In the Matter of JAY H. LANDAU (Admitted as JAY HOWARD LANDAU), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 16, 1992

## APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the Bar by this Department in 1967, and has maintained an office for the practice of law within the Department at relevant times since then.

In 1979 respondent represented a client in the matter of her late husband's estate, depositing estate funds into an account

over which he held power of attorney. In 1985, without the client's knowledge, he drew two checks on this account to his own order, totaling $17,500, and then converted those funds for his personal use. Initially, respondent falsely claimed that the withdrawn funds were a loan to him from his client; two years later he settled this debt with a repayment of $10,700.

In 1986 respondent obtained preliminary letters testamentary in a probate matter wherein he was named as executor and his law firm as attorneys of record. The Queens County Surrogate's Court, which issued the letters, ordered respondent to file an accounting within one year. Respondent ignored that obligation, despite several formal notices from the court. A hearing was finally set for 11 months following the deadline. When neither respondent nor any representative of his firm appeared at that hearing, the court revoked the letters testamentary.

In 1990 petitioner served respondent with a subpoena duces tecum for the files in these matters. After several adjournments at his counsel's request, respondent still failed to appear, to produce the subpoenaed materials, or even to answer the charges. A hearing panel has recommended his disbarment. Respondent is in default before this court.

We have consistently viewed with utmost gravity any invasion of client funds (Matter of Malatesta, 124 AD2d 62, 64, lv denied 69 NY2d 607), rendering an attorney engaging in such conduct presumptively unfit to practice law (Matter of Pressment, 118 AD2d 270, 273, lv denied 68 NY2d 608, quoting Matter of Marks, 72 AD2d 399, 401). Ultimate repayment of the misappropriated funds does not excuse the wrongful conduct (see, Matter of Schmidt, 145 AD2d 103). Even were we to accept respondent's unpleaded assertion that this was merely a loan, such a transaction between attorney and client has to be considered unethical (Matter of Cohn, 118 AD2d 15, lv denied 68 NY2d 712).

Respondent's unresponsiveness in accounting to the Surrogate's Court, as ordered, constituted neglect of a legal matter entrusted to him (Code of Professional Responsibility DR 6-101 [A] [3]), in violation of his professional obligation to represent his client (DR 7-101 [A]).

Failure of respondent to answer the charges requires that the allegations against him be deemed admitted (22 NYCRR 605.12 [c] [4]). In light of his refusal to cooperate with petitioner in its investigation, and his failure to deny the charges

or to interpose any defense, the conclusion is inescapable that respondent converted one client's funds and neglected another client's case, both acts of misconduct which demonstrate his unfitness to be a member of the Bar *(Matter of Sussman,* 126 AD2d 72). Accordingly, the petition is granted, the report and recommendation of the hearing panel are confirmed, respondent is disbarred and his name is ordered stricken from the roll of attorneys and counselors-at-law.

CARRO, J. P., MILONAS, WALLACH, ROSS and RUBIN, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective July 16, 1992.