In the Matter of MARTIN BORAKOVE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 29, 1992

### APPEARANCES OF COUNSEL

*Hal R. Lieberman* for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the Bar by the Second Judicial Department in 1979, and has maintained an office for the practice of law within the First Department at relevant times since then.

In 1985 respondent represented clients in an effort to recover funds seized from them by the United States Customs Service. Within a year respondent obtained a cash refund of more than $9,000, but he never notified his clients of the recovery. When the clients subsequently learned of this recovery through other sources, they demanded payment from respondent, but he has yet failed or refused to account for these funds.

In an unrelated matter, respondent was retained in 1986 by a client to obtain refunds of import duty paid to the United States Customs Service. Again, respondent was successful in obtaining sizable refunds totaling in excess of $10,000, but again he never notified his client of the recovery. When this client learned of the refunds through other sources, it was able to elicit from respondent a check for $6,791,27, representing the recovery less respondent's agreed-upon legal fee. However, the check, drawn on respondent's law firm's operating account, was returned for insufficient funds. This debt also remains unsatisfied.

Except for his initial deposition in 1988, respondent, who now lives in Vermont, has failed to cooperate with petitioner's investigation, and has failed to contest the charges or respond to any of petitioner's notices or entreaties in connection with these proceedings. The Hearing Panel, which heard uncontested evidence in support of these charges, considered respondent to be in default, deemed all charges against him to have

been admitted, and recommended his disbarment. Respondent is also in default before this Court on the instant petition to confirm.

The conversion of client funds is viewed with utmost gravity *(Matter of Malatesta,* 124 AD2d 62, 64, *lv denied* 69 NY2d 607), rendering an attorney engaging in such conduct presumptively unfit to practice law *(Matter of Pressment,* 118 AD2d 270, 273, *lv denied* 68 NY2d 608, quoting *Matter of Marks,* 72 AD2d 399, 401). Furthermore, an attorney's failure to answer such charges requires that the allegations against him be deemed admitted (22 NYCRR 605.12 [c] [4]).

Conversion of client funds, failure to answer formal charges in connection therewith, and failure to cooperate with a Departmental Disciplinary Committee investigation amount to conduct warranting disbarment *(Matter of Landau,* 180 AD2d 257). Accordingly, the petition is granted, the report and recommendation of the Hearing Panel are confirmed, respondent is disbarred and his name is ordered stricken from the roll of attorneys and counselors-at-law.

CARRO, J. P., ROSENBERGER, ELLERIN, WALLACH and ASCH, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective January 29, 1993, as indicated in the order of this Court.