[—— NYS2d ——]

In the Matter of JONATHAN LUBELL (Admitted as JON LUBELL), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 22, 1993

**APPEARANCES OF COUNSEL**

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Jonathan Lubell, was admitted to the practice

of law in New York by the First Judicial Department on April 3, 1978, under the name Jon Lubell. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department.

By order of this Court entered April 1, 1993 (189 AD2d 186), respondent was suspended from the practice of law on the basis of willful failure to cooperate with the Departmental Disciplinary Committee (Committee) in its investigation, and in light of uncontroverted evidence of professional misconduct pending the outcome of disciplinary proceedings against him.

The underlying facts of respondent's misconduct are set forth in our previous order of suspension (189 AD2d 186, *supra*). After a hearing, in which respondent did not appear despite repeated demands and warnings by the Committee, the Hearing Panel issued a written report sustaining all of the charges against respondent. Specifically, the Panel found that by intentionally converting the $6,700 escrow deposit given to him by his client for the purchase of real property, respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4); by failing to maintain intact the $6,700 escrow deposit and by failing to deposit said funds into a special account, respondent failed to preserve the identity of client funds paid to him in violation of DR 9-102 (A); by falsely informing a Justice of the New York County Supreme Court that he maintained his client's $6,700 in an escrow account, when respondent knew that the referenced account was in fact a personal account and that he had not deposited or maintained the client's $6,700 in the account, respondent knowingly made a false statement of fact, in violation of DR 7-102 (A) (5) and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4); by falsely informing the Committee that a Justice of the New York County Supreme Court had ordered respondent "simply to submit a letter stating that he continued to hold the escrow deposit in his escrow account" when in fact he was ordered to deposit the funds into the Supreme Court, respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4); by failing to cooperate with the Committee, or to comply with the subpoena of the Appellate Division, respondent engaged in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5); by failing to deposit the $6,700 in court as ordered by a New York County Supreme Court Justice, respondent engaged

in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5), and disregarded a ruling of a tribunal made in the course of a proceeding, in violation of DR 7-106 (A); and by the aforesaid conduct, respondent engaged in conduct that reflects adversely on his fitness to practice law in violation of DR 1-102 (A) (6) (before September 1990) and in violation of DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]) (after September 1990). The Hearing Panel also noted that respondent's failure to deny his misconduct, or in any way to participate in this proceeding, was a serious aggravating factor.

By notice of petition and petition dated March 22, 1993, the Committee seeks an order pursuant to 22 NYCRR 603.4 (d), confirming the Hearing Panel's report and recommendation and imposing the recommended sanction of disbarment. Respondent has not interposed an answer.

Absent extremely unusual mitigating circumstances, this Court has consistently viewed conversion of funds belonging to a client or third party as grave misconduct warranting the severe penalty of disbarment (Matter of Schmidt, 145 AD2d 103; Matter of Malatesta, 124 AD2d 62; Matter of Walker, 113 AD2d 254). An attorney who misappropriates funds is presumptively unfit to practice law (Matter of Pressment, 118 AD2d 270, citing Matter of Marks, 72 AD2d 399).

In this case, respondent has not offered any explanation for his serious misconduct. Other than serving a response to the client's complaint on June 11, 1991, in which he falsely stated that Judge Saxe simply ordered him to continue to hold the escrow deposit in this escrow account, respondent has otherwise made himself unavailable throughout these disciplinary proceedings. He failed to submit a response to the Committee's motion to suspend and he has failed to respond to the instant petition. By failing to offer a defense for his actions, respondent is deemed to have admitted the charges against him (22 NYCRR 605.12 [c] [4]). In addition, the Hearing Panel's recommendation that respondent be disbarred is warranted because of respondent's failure to cooperate in these proceedings (see, Matter of Borakove, 187 AD2d 1).

Accordingly, the Hearing Panel's report is confirmed and the motion by the Departmental Disciplinary Committee seeking respondent's disbarment is granted. Furthermore, respondent is ordered to make restitution to his client pursuant to Judiciary Law § 90 (6-a) (a).

ELLERIN, J. P., KUPFERMAN, ROSS, ASCH and KASSAL, JJ., concur.

Application granted, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective June 22, 1993, and respondent ordered to make restitution to his client pursuant to Judiciary Law § 90 (6-a) (a).