[636 NYS2d 55]

In the Matter of GARY FARRELL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 4, 1996

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Gary Farrell,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent Gary Farrell was admitted to the practice of law in the State of New York by the Second Judicial Department on July 29, 1981. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department.

The respondent had been retained to represent the seller of a house on Staten Island, and in April 1993, pursuant to the contract of sale, he was issued a check for a $5,000 down payment from the prospective purchasers, which he agreed to hold in escrow. The contract was made contingent upon the purchasers obtaining a mortgage, and when they were unable to do so, they requested return of the $5,000 payment. The respondent refused at least two requests for return of this payment, and, in September 1993, he transferred $5,021.93 from his client's sub-account into his primary client funds account. He thereafter regularly drew checks upon this account for personal use. The respondent did not return the down payment until February 1994.

A review of the evidence before the Hearing Panel, including bank records and statements, as well as the testimony of a bank employee who authenticated the checks and bank statements, and the testimony of the attorney for the purchasers of the house, reveals that there was ample support for the Panel's conclusion that the respondent had violated Code of Professional Responsibility DR 1-102 (A) (4) and (7) (now [8]) and DR 9-102 (A), (B) (3) and (C) (4) (22 NYCRR 1200.3, 1200.46) by intentionally converting escrow funds, commingling and failing promptly to return third-party funds.

Absent extremely unusual mitigating circumstances, this Court has consistently held that the intentional conversion of funds belonging to a client or a third party is grave misconduct warranting the sanction of disbarment (*Matter of Schmidt*, 145 AD2d 103; *Matter of Malatesta*, 124 AD2d 62; *Matter of Walker*, 113 AD2d 254). An attorney who misappropriates funds is presumptively unfit to practice law (*Matter of Pressment*, 118 AD2d 270, 273, citing *Matter of Marks*, 72 AD2d 399, 401). Furthermore, the ultimate repayment of the misappropriated funds does not excuse the wrongful conduct (*Matter of Landau*, 180 AD2d 257, 258).

In addition to the respondent's mishandling of funds, he also failed to appear at the disciplinary hearing, although explicitly directed to do so by this Court. In light of the foregoing, the Hearing Panel properly concluded that disbarment is warranted.

Accordingly, the Departmental Disciplinary Committee's petition should be granted, the report and the recommendation of the Hearing Panel should be confirmed, and the sanction of disbarment should be imposed. The respondent's cross motion seeking an order rejecting the Hearing Panel's report, dismiss-

ing the charges, imposing sanctions against members of the Committee, and appointing a Special Master to review the case of *Ferguson v McLoughlin* should be denied in its entirety.

MURPHY, P. J., ROSENBERGER, RUBIN, ROSS and NARDELLI, JJ., concur.

Petition granted, respondent's cross motion for, *inter alia*, rejection of the Hearing Panel's report denied in its entirety, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective February 5, 1996.