[638 NYS2d 447]

In the Matter of JOHN M. BARTH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 22, 1996

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Andrew A. Kimler* of counsel *(Seidman, Maiman, Morenstein & Kimler,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, John M. Barth, was admitted to the practice of law in the State of New York by the First Department on July 16, 1979, and at all times relevant to the proceedings herein maintained an office for the practice of law within this Department.

On February 14, 1995 the respondent was charged with intentionally converting escrow funds, commingling, failing to maintain accurate bookkeeping records and failing to promptly return client funds in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) and DR 9-102 (B), (C) (4) and (D) (22 NYCRR 1200.3, 1200.46). Respondent failed to answer the charges and did not appear at the hearing held on the matter despite having been given due notice thereof. The Hearing Panel's conclusion that disbarment is warranted in this matter was based upon evidence presented at the hearing, which included bank records, cancelled checks, correspondence and excerpts from a deposition containing admissions by the respondent, as well as upon the facts that the respondent failed to cooperate with the Committee and Hearing Panel during the investigation and proceedings and failed to answer the charges in any way.

By petition dated August 18, 1995, the Departmental Disciplinary Committee moves for an order confirming the Hearing Panel's findings of fact and imposing the sanction of disbarment. By affirmation dated October 25, 1995 and a cross motion dated November 16, 1995, respondent's attorney applied for an order reopening the proceedings before the Departmental Disciplinary Committee and to allow the respondent to submit evidence of mitigating circumstances. Respondent's counsel states that the respondent's misconduct was due to severe personal difficulties which resulted in respondent entering a deep depression. We have reviewed all of the information put forth by respondent's counsel, including that which relates to respondent's treatment and prognosis, and find that good cause to reopen the proceedings has not been demonstrated. There is ample support in the record to support the Hearing Panel's findings of fact and conclusion that the sanction of disbarment is warranted.

Accordingly, the petition is granted, the respondent's cross motion denied, the Hearing Panel's report confirmed, and the sanction of disbarment imposed with respondent's name hereby stricken from the roll of attorneys.

SULLIVAN, J. P., ROSENBERGER, WALLACH, ROSS and TOM, JJ., concur.

Petition granted, respondent's cross motion to reopen the hearing denied, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective March 22, 1996.