[650 NYS2d 148]

In the Matter of LEO N. HIRSCH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 26, 1996

### APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent, Leo N. Hirsch, was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on December 19, 1956. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department.

A review of the evidence before the Hearing Panel, including the testimony of the complainant, the complainant's corporate counsel, and three witnesses for the respondent, reveals that there was ample support for the Hearing Panel's conclusions that the respondent failed to turn over to his client $14,583 in settlement proceeds, converting the monies to his own use in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3); that the respondent failed to return $2,500 in advance fees to his client, and thus failed to return the unearned portion of his fee, in violation of DR 2-110 (A) (3) (22 NYCRR 1200.15); that the respondent failed to maintain records of a special account into which he deposited his client's funds, and to maintain his files relating to this client for a period of seven years, thus failing to maintain required bookkeeping records, in violation of DR 9-102 (D) (1), (2), (3), (4), (5) and (8) (22 NYCRR 1200.46); and that the respondent's actions constituted conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (A) (7) (now [8]).

Absent extremely unusual mitigating circumstances, this Court has consistently held that the intentional conversion of funds is grave misconduct warranting the sanction of disbarment (*Matter of Barth*, 218 AD2d 304; *Matter of Farrell*, 218 AD2d 38, *appeal dismissed* 87 NY2d 1050, *rearg denied* 88 NY2d 915; *Matter of Schmidt*, 145 AD2d 103; *Matter of Malatesta*, 124 AD2d 62).

Moreover, the respondent's lack of candor before the Committee and his lack of cooperation or remorse for his actions serve to aggravate the level of his misconduct. Prior to these proceedings, the respondent received a letter of admonition for neglect of a legal matter, and he failed to notify the Office of Court Administration of his change of address prior to January 1995, frustrating attempts to locate him, in violation of Judiciary Law § 468-a (2). In light of the foregoing, the Hearing Panel properly concluded that disbarment is warranted.

Accordingly, the Departmental Disciplinary Committee's petition should be granted, the report and recommendation of the Hearing Panel should be confirmed, the respondent should be disbarred and he is further ordered to make restitution to his client in the amount of $17,083, representing $14,583 of the final settlement payment and $2,500 of unearned fees pursuant to Judiciary Law § 90 (6-a).

ROSENBERGER, J. P., WALLACH, TOM, MAZZARELLI and AN-
DRIAS, JJ., concur.

Application granted, the report and recommendation
confirmed and respondent disbarred from practice as an at-
torney and counselor-at-law in the State of New York, effective
December 26, 1996, and respondent ordered to make restitu-
tion to his client as indicated.