Matter of Carlos (2021 NY Slip Op 00022)





Matter of Carlos


2021 NY Slip Op 00022


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Troy K. Webber
Angela M. Mazzarelli
Peter H. Moulton
Martin Shulman, JJ.


Motion No. 2020-03446 Case No. 2019-03918 

[*1]In the Matter of Don A. Carlos, (Admitted as Don Anthony Carlos, Jr.), a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Don A. Carlos, (OCA Atty Reg. No. 2508703) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 24, 1993.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Vitaly Lipkansky, of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Respondent Don A. Carlos, Jr. was admitted to the practice of law in the State of New York by the First Judicial Department on March 24, 1993, under the name Don Anthony Carlos, Jr. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the Second Judicial Department.
On October 2, 2018, this Court suspended respondent from the practice of law for 2½ years, effective November 1, 2018, pursuant to a joint motion for discipline by consent for, inter alia, failing to pay income taxes, misappropriating escrow funds, and providing false testimony to the Attorney Grievance Committee (AGC) in an examination under oath (166 AD3d 55 [1st Dept 2018]).
In September 2019, the AGC personally served respondent, in hand, with a notice of petition of charges setting forth seven charges and alleging that in 2015, prior to his suspension, respondent fraudulently obtained litigation funding loans on behalf of two clients by placing his clients' signatures on the agreements to obtain those loans without their knowledge, permission, or authority to do so; intentionally converted those funds to his own personal use after depositing them into his IOLA account; and used the notary stamp of another attorney without permission or authority in order to falsely notarize his clients' signatures, in violation of New York Rules of Professional Conduct (24 NYCRR 1200.0) rules 8.4(c) and 8.4(h).
Respondent failed to interpose an answer or otherwise respond to the charges. By unpublished order entered February 14, 2020, this Court deemed the charges admitted based on respondent's default and appointed a referee to conduct a hearing to consider evidence in mitigation and aggravation, if any, and recommend such disciplinary action as might be appropriate. The AGC introduced three prior Admonitions issued to respondent: in 2004, for improperly paying personal expenses from his escrow account, not properly labeling his escrow account checks, and failing to keep required bookkeeping records; in 2006, for neglecting a client's personal injury case; and in 2012, for failing to file retainer statements with OCA in eight personal injury cases.
The Referee found that respondent had received sufficient notice of the sanction hearing but had chosen not to appear. The Referee agreed with the AGC that the misconduct at issue, the aggravation, including respondent's failure to answer the charges or to appear at the sanction hearing, and the absence of mitigation, warranted the sanction of disbarment.
The AGC now seeks an order, pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) § 603.8-a(t)(4) and the Rules for Attorney Disciplinary Matters § 1240.8(b)(2), confirming the Referee's sanction recommendation and disbarring respondent.
This Court's precedent makes clear that "[a]bsent extremely unusual [*2]mitigating circumstances," intentional conversion of client or third-party funds warrants disbarment (Matter of Lubell, 190 AD2d 479, 481 [1st Dept 1993]; see e.g. Matter of Bernier, 177 AD3d 37 [1st Dept 2019]; Matter of Bloomberg, 154 AD3d 75 [1st Dept 2017]). Disbarment is further supported by respondent's failure to participate in this proceeding (see Matter of Holubar, 84 AD3d 100 [1st Dept 2011]).
Accordingly, the AGC's motion to confirm the Referee's sanction recommendation and for an order disbarring respondent should be granted and respondent's name stricken from the roll of attorneys in the State of New York, effectively immediately.
All Concur.
It is ordered that the Committee's motion to confirm the referee's sanction recommendation is granted, and respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court, and
It is further ordered that, effective immediately, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; and respondent is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto. Respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which is made a part hereof, and
It is further ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
Entered. [January 5, 2021]